UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------x

APRILE MINTO,                                  :
                                               :
                            Plaintiff,         :        13CV873(RA)
                                               :
            - against -                        :        COMPLAINT AND
                                               :        DEMAND FOR JURY TRIAL
THE CITY OF NEW YORK, ANGEL ANDUJAR,           :
"JOHN DOE" #1-4, and "JANE DOE", Individually  :        ECF CASE
and in Their Official Capacities,              :
                                               :
                            Defendants         :
-----------------------------------------------------------------x

Plaintiff, by her attorneys, Michelstein & Associates, PLLC, complaining of the

defendants, alleges:

## NATURE OF THE ACTION

1. This is a civil rights action to redress the defendants' violations of the rights accorded

to plaintiff Aprile Minto by the Civil Rights Act of 1871, 42 U.S.C. §1983, by the Constitution of

the United States, including the Fourth, Fifth and Fourteenth Amendments, and by the laws and the

Constitution of the State of New York.

2. Plaintiff Aprile Minto is a citizen of the United States who, on February 11, 2012, was

a resident of the building at 1112 Gerard Avenue, Bronx, New York, and was lawfully present in

apartment 31 of that building when New York City police officer Angel Andujar and other New

York City police officers entered the apartment with gun drawn, subjected the plaintiff to a frisk

search, arrested the plaintiff, handcuffed her, transported her to the 44th Precinct, where defendant

"Jane Doe" subjected her to a second frisk search in the presence of a male officer, and imprisoned

her for approximately nine hours, then issued a summons to her instituting a proceeding in the

Criminal Court of the City of New York accusing her of the offense of Trespass, and released her.

On July 17, 2012, the false charge against the plaintiff was dismissed. The warrantless search, arrest and prosecution of the plaintiff were the result of policies and practices adopted by defendant The City of New York to arrest individuals without probable cause to support the arrests and to conduct frisk searches of all individuals stopped by police officers for inquiry. The defendants' actions were unlawful, and the plaintiff brings this action seeking compensatory and punitive damages.

## JURISDICTION AND VENUE

3. Jurisdiction of this Court is invoked pursuant to the Constitution of the United States, 28 U.S.C. §§1331, 1343(3) and (4), 42 U.S.C. §§1983 and 1988, in that this is an action seeking to redress the violations of the plaintiff's constitutional and civil rights, and 28 U.S.C. §1367(a), in that the state and federal claims arise from a common nucleus of operative facts such that they are so related that they form part of the same case or controversy under Article III of the United States Constitution.

4. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b) and (c) in that the all of the events which give rise to the claim occurred within the jurisdiction of the United States District Court for the Southern District of New York, defendant Angel Andujar can be found within the Southern District of New York, and defendant The City of New York is a municipal corporation located in the Southern District of New York which is subject to personal jurisdiction in the Southern District of New York.

## PARTIES

5. Plaintiff Aprile Minto is a citizen of the United States who resides in the County of Bronx, City and State of New York.

6. Defendant The City of New York is, and at all times relevant herein was, a municipal corporation created under the laws of the State of New York.

7.  At all times relevant herein, defendant The City of New York maintained a police department.

8.  Defendant Angel Andujar is a natural person who, at all times relevant to this action, was employed by defendant The City of New York as a police officer.

9.  At all times relevant herein, defendant Angel Andujar was acting within the scope of his employment by defendant The City of New York.

10.  Defendants "John Doe" #1-3 are natural persons who, at all times relevant herein, were employed by defendant The City of New York as police officers.

11.  At all times relevant herein, defendants "John Doe" #1-3 were acting within the scope of their employment by defendant The City of New York.

12.  Defendant "John Doe" #4 is a natural person who, at all times relevant herein, was employed by defendant The City of New York as a police officer, with the rank of captain or lieutenant.

13.  At all times relevant herein, defendant "John Doe" #4 was acting within the scope of his employment by defendant The City of New York.

14.  Defendant "Jane Doe" is a natural person who, at all times relevant to this action, was employed by defendant The City of New York as a police officer.

15.  At all times relevant herein, defendant "Jane Doe" was acting within the scope of her employment by defendant The City of New York.

## NOTICE OF CLAIM

16.  On September 19, 2012, and within 90 days of the accrual of her cause of action for malicious prosecution, plaintiff Aprile Minto served on the Comptroller of the City of New York

a Notice of Claim setting forth the time when, the place where and the manner in which her claims arose.

17. Plaintiff Aprile Minto's motion to extend her time to file a Notice of Claim for her claims of assault and battery and false imprisonment was granted by an order of New York Supreme Court Justice Larry S. Schachner dated November 15, 2012, which deemed the plaintiff's Notice of Claim to have been timely served *nunc pro tunc*.

18. More than thirty days have elapsed since the plaintiff's Notice of Claim was served upon defendant The City of New York and said defendant has neglected and/or refused to make an adjustment or payment.

## STATEMENT OF CLAIMS

19. Plaintiff incorporates by reference paragraphs 1 through 18 of this complaint as though the same were set forth fully herein.

20. On February 11, 2012, plaintiff Aprile Minto was a resident of the building located at 1112 Gerard Avenue, Bronx, New York.

21. On February 11, 2012, Melissa Mason was the tenant of apartment 31 in the building located at 1112 Gerard Avenue, Bronx, New York.

22. On February 11, 2012, plaintiff Aprile Minto was present in apartment 31 in the building located at 1112 Gerard Avenue, Bronx, New York, at the request of Melissa Mason.

23. Plaintiff Aprile Minto was dressed in pajamas at the time she was in apartment 31 in the building located at 1112 Gerard Avenue, Bronx, New York on February 11, 2012.

24. On February 11, 2012, defendant Angel Andujar and defendants "John Doe" #1-3 entered apartment 31 in the building located at 1112 Gerard Avenue, Bronx, New York.

25.  Defendants Angel Andujar and "John Doe" #1-3 entered apartment 31 without warning.

26.  Defendants Angel Andujar and "John Doe" #1-3 were dressed in plain clothes when they entered apartment 31.

27.  Defendant Angel Andujar entered apartment 31 with a firearm in his hand.

28.  Defendant Angel Andujar pointed his firearm at plaintiff Aprile Minto as he entered apartment 31.

29.  As a result of the actions of defendant Angel Andujar, plaintiff Aprile Minto lost bladder control.

30.  Defendant Angel Andujar searched plaintiff Aprile Minto's pockets and subjected her to a pat-down search known as a "frisk".

31.  Plaintiff Aprile Minto exhibited to defendants Angel Andujar and "John Doe" #1-3 a key to apartment 31.

32.  One of the individual defendants confirmed that the key exhibited by plaintiff Aprile Minto operated the lock to the door of apartment 31.

33.  Defendant Angel Andujar handcuffed the wrists of plaintiff Aprile Minto.

34.  At some point during the course of events in apartment 31, defendant "John Doe" #4 also entered the apartment.

35.  Defendants Angel Andujar and "John Doe" #1-4 arrested plaintiff Aprile Minto.

36.  Defendants Angel Andujar and "John Doe" #1-4 did not have any warrant or other legal process directing or authorizing the seizure, search, arrest, detention, or imprisonment of plaintiff Aprile Minto.

37.  Plaintiff Aprile Minto had not committed any crime or offense.

38.  Defendants Angel Andujar and "John Doe" #1-4 subsequently transported plaintiff Aprile Minto to the 44th Precinct, where she was imprisoned for approximately nine hours.

39.  At the 44th Precinct, defendant "Jane Doe" conducted a frisk search of plaintiff Aprile Minto's chest and pulled up the legs of her pajamas in the presence of a male officer.

40.  Plaintiff Aprile Minto, still wearing her soiled pajamas, was then seated on a bench and handcuffed to a pole outside a cell in which men were being detained for the remainder of her imprisonment at the 44th Precinct.

41.  While plaintiff Aprile Minto was imprisoned at the 44th Precinct, Melissa Mason appeared at the precinct and confirmed that she was the tenant of apartment 31 and had given plaintiff Aprile Minto permission to be in her apartment.

42.  Defendant Angel Andujar thereupon instituted a criminal proceeding against plaintiff Aprile Minto in the Criminal Court of the City of New York, County of Bronx, by issuing a summons to the plaintiff accusing her of the offense of Trespass and requiring her to appear in court on April 25, 2012.

43.  The charge of Trespass brought by defendant Angel Andujar against plaintiff Aprile Minto was false.

44.  Defendant Angel Andujar then released plaintiff Aprile Minto from custody.

45.  Plaintiff Aprile Minto retained counsel and incurred legal fees to defend against the false charge.

46.  On July 17, 2012, the charge brought by defendant Angel Andujar against plaintiff Aprile Minto was dismissed.

## COUNT ONE
## FALSE IMPRISONMENT UNDER 42 U.S.C. §1983

47.  Plaintiff incorporates by reference paragraphs 1 through 46 of this complaint as though the same were set forth fully herein.

48.  The seizure, detention, arrest, and imprisonment of plaintiff Aprile Minto by defendants Angel Andujar and "John Doe" #1-4 were made without any warrant or other legal process directing or authorizing her seizure, detention, arrest, or imprisonment.

49.  The seizure, detention, arrest, and imprisonment of plaintiff Aprile Minto were made without probable cause to believe that she had committed a crime or offense.

50.  The charge upon which defendants Angel Andujar and "John Doe" #1-4 arrested plaintiff Aprile Minto was false.

51.  The charge was made by defendants Angel Andujar and "John Doe" #1-4 against plaintiff Aprile Minto with knowledge that it was false.

52.  Plaintiff Aprile Minto was aware of her seizure, detention, arrest and imprisonment by defendants Angel Andujar and "John Doe" #1-4.

53.  Plaintiff Aprile Minto did not consent to her seizure, detention, arrest or imprisonment.

54.  As a result of the foregoing, plaintiff Aprile Minto was deprived of her liberty, was imprisoned, and was subjected to mental and physical distress, embarrassment and humiliation.

55.  The seizure, detention, arrest and imprisonment of plaintiff Aprile Minto deprived her of her right to be free of unlawful searches and seizures and her right not to be deprived of her liberty without due process of law guaranteed by the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States.

56. Defendants Angel Andujar and "John Doe" #1-4 were acting under color of state law when they seized, detained, arrested and imprisoned plaintiff Aprile Minto.

57. Defendants Angel Andujar and "John Doe" #1-4 deprived plaintiff Aprile Minto of her rights to be free of unlawful searches and seizures and not to be deprived of her liberty without due process of law guaranteed by the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by seizing, detaining, arresting and imprisoning plaintiff Aprile Minto on a false charge.

## COUNT TWO
## FRISK SEARCH BY A MALE OFFICER UNDER 42 U.S.C. §1983

58. Plaintiff incorporates by reference paragraphs 1 through 57 of this complaint as though the same were set forth fully herein.

59. At the time that he conducted a frisk search of plaintiff Aprile Minto in apartment 31 at 1112 Gerard Avenue, defendant Angel Andujar lacked a reasonable suspicion that he was in danger of physical injury from the plaintiff by virtue of her being armed.

60. As a consequence, the frisk search of plaintiff Aprile Minto by defendant Angel Andujar was unreasonable.

61. The frisk search of plaintiff Aprile Minto by defendant Angel Andujar violated the plaintiff's right to be free of unreasonable searches and seizures guaranteed by the Fourth and Fourteenth Amendments of the Constitution of the United States.

62. As a result of the foregoing, plaintiff Aprile Minto was subjected to mental and physical distress, embarrassment and humiliation.

63. Defendant Angel Andujar was acting under color of state law when he conducted a frisk search of plaintiff Aprile Minto in apartment 31 at 1112 Gerard Avenue.

64. Defendant Angel Andujar deprived plaintiff Aprile Minto of her right to be free of unreasonable searches and seizures guaranteed by the Fourth and Fourteenth Amendments of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by conducting a frisk search of plaintiff Aprile Minto in apartment 31 at 1112 Gerard Avenue.

## COUNT THREE
## FRISK SEARCH AT THE 44TH PRECINCT UNDER 42 U.S.C. §1983

65. Plaintiff incorporates by reference paragraphs 1 through 64 of this complaint as though the same were set forth fully herein.

66. The performance of a frisk search of plaintiff Aprile Minto by defendant "Jane Doe" in the presence of a male police officer at the 44th Precinct was unreasonable.

67. The frisk search of plaintiff Aprile Minto in the presence of a male police officer conducted at the 44th Precinct deprived the plaintiff of her right to be free of unreasonable searches and seizures guaranteed by the Fourth and Fourteenth Amendments of the Constitution of the United States.

68. As a result of the foregoing, plaintiff Aprile Minto was subjected to mental and physical distress, embarrassment and humiliation.

69. Defendant "Jane Doe" was acting under color of state law when she conducted a frisk search of plaintiff Aprile Minto in the presence of a male officer at the 44th Precinct.

70. Defendant "Jane Doe" deprived plaintiff Aprile Minto of her right to be free of unreasonable searches and seizures guaranteed by the Fourth and Fourteenth Amendments of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by conducting a frisk search of the plaintiff at the 44th Precinct.

## COUNT FOUR
## MALICIOUS PROSECUTION UNDER 42 U.S.C. §1983

71.  Plaintiff incorporates by reference paragraphs 1 through 70 of this Complaint as though the same were set forth fully herein.

72.  The charge brought by defendant Angel Andujar against plaintiff Aprile Minto in the Criminal Court of the City of New York, County of Bronx, was false.

73.  Defendant Angel Andujar instituted the criminal proceeding against plaintiff Aprile Minto with knowledge that the charge was false.

74.  Defendant Angel Andujar instituted the criminal proceeding against plaintiff Aprile Minto without probable cause to believe that plaintiff Aprile Minto had committed the offense charged.

75.  Defendant Angel Andujar was acting with malice when he commenced the criminal proceeding against plaintiff Aprile Minto.

76.  The criminal proceeding instituted by defendant Angel Andujar against plaintiff Aprile Minto was terminated in plaintiff Aprile Minto's favor.

77.  As a result of the criminal proceeding instituted by defendant Angel Andujar against plaintiff Aprile Minto, the plaintiff was subjected to mental and physical distress, was exposed to public ridicule, scorn, humiliation and embarrassment, and incurred legal fees to defend the false charge.

78.  Defendant Angel Andujar was acting under color of state law when he commenced a criminal proceeding against plaintiff Aprile Minto in the Criminal Court of the City of New York, County of Bronx.

79. Defendant Angel Andujar deprived plaintiff Aprile Minto of her right to be free of unreasonable searches and seizures and to be secure in her person guaranteed by the Fourth and Fourteenth Amendments of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by commencing a criminal proceeding against plaintiff Aprile Minto on a false charge.

### COUNT FIVE
### MUNICIPAL LIABILITY UNDER 42 U.S.C. §1983

80. Plaintiff incorporates by reference paragraphs 1 through 79 of this Complaint as though the same were set forth fully herein.

81. The acts complained of were carried out by the individual defendants in their capacities as police officers and employees of defendant The City of New York, with all the actual and/or apparent authority attendant thereto.

82. The acts complained of were carried out by the individual defendants in their capacities as police officers pursuant to the customs, policies, usages, practices, procedures, and rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

83. Defendant The City of New York implemented, enforced, encouraged and sanctioned a policy, practice and/or custom of arresting persons on insufficient evidence in violation of the Fourth and Fifth Amendment and the Equal Protection Clause of the Fourteenth Amendment of the Constitution of the United States.

84. The aforesaid customs, policies, usages, practices, procedures, and rules of defendant The City of New York include, but are not limited to, the following:

    (a) Defendant The City of New York failed properly to train police officers in the standards for probable cause for the warrantless seizure and arrest

of individuals consistent with the requirements of the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States;

(b) Defendant The City of New York failed properly to train police officers in the circumstances under which probable cause exists for the warrantless arrest of an individual;

(c) Defendant The City of New York failed properly to supervise police officers during the performance of their duties, and more particularly during warrantless arrests;

(d) Defendant The City of New York failed properly to monitor arrests made by its police officers to determine if its police officers were following proper standards for probable cause for the warrantless seizure and arrest of individuals consistent with the requirements of the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States;

(e) Defendant The City of New York failed to discipline police officers for making warrantless arrests where probable cause for an arrest did not exist.

85. The failure of defendant The City of New York properly to train, supervise, monitor and discipline its police officers constituted deliberate indifference to the rights of persons with whom its police officers come into contact.

86. The arrest and imprisonment of plaintiff Aprile Minto on a false charge resulted from the failure of defendant The City of New York properly to train, supervise, monitor and discipline its police officers in the standards of probable cause and the requirements for warrantless arrests.

87. Defendant The City of New York was acting under color of state law when it formulated and implemented a policy, custom or practice for police officers to make warrantless arrests without probable cause.

88. Defendant The City of New York deprived plaintiff Aprile Minto of her rights to be free of unreasonable searches and seizures and not to be deprived of her liberty without due process of law guaranteed by the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United

States under color of state law, in violation of 42 U.S.C. §1983, by adopting and enforcing a policy, practice or custom of failing properly to train its police officers in the standards for making warrantless arrests.

## COUNT SIX
## MUNICIPAL LIABILITY UNDER 42 U.S.C. §1983

89.  Plaintiff incorporates by reference paragraphs 1 through 88 Of this Complaint as though the same were set forth fully herein.

90.  The frisk search of plaintiff Aprile Minto in apartment 31 at 1112 Gerard Avenue was carried out by defendant Angel Andujar in his capacity as a police officer pursuant to the customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

91.  Defendant The City of New York implemented, enforced, encouraged and sanctioned a policy, practice and/or custom of subjecting every individual whom police officers stop to a frisk search regardless of the absence of a reasonable basis to suspect that the police officer is in danger of physical injury from that individual.

92.  The frisk search of plaintiff Aprile Minto by a male police officer in apartment 31 at 1112 Gerard Avenue resulted from the policy, practice and/or custom of subjecting every individual who police officers stop to a frisk search implemented, enforced, encouraged and sanctioned by defendant The City of New York.

93.  Defendant The City of New York was acting under color of state law when it implemented, enforced, encouraged and sanctioned a policy, custom or practice for police officers to subject every individual whom police officers stop to a frisk search regardless of the absence of

a reasonable basis to suspect that the police officer is in danger of physical injury from that individual.

94. Defendant The City of New York deprived plaintiff Aprile Minto of her right to be free of unreasonable searches and seizures guaranteed by the Fourth and Fourteenth Amendments of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by adopting and enforcing a policy, practice or custom of subjecting every individual whom its police officers stop to a frisk search regardless of the absence of a reasonable basis to suspect that the police officer is in danger of physical injury from that individual.

## COUNT SEVEN
## MUNICIPAL LIABILITY UNDER 42 U.S.C. §1983

95. Plaintiff incorporates by reference paragraphs 1 through 94 of this Complaint as though the same were set forth fully herein.

96. Upon information and belief, at all times relevant herein, defendant The City of New York was aware from Notices of Claim, lawsuits, claims filed with the New York City Police Department and the Civilian Complaint Review Board, and from the New York City Police Department's own observations, that defendants Angel Andujar, "John Doe" #1-4 and "Jane Doe" are unfit, ill tempered police officers who have the propensity to commit the acts alleged herein.

97. Upon information and belief, defendant The City of New York failed adequately to investigate prior complaints against these officers.

98. The failure of defendant The City of New York properly to take remedial action to train, retrain, supervise, monitor and discipline police officers for violations of Constitutional rights constituted deliberate indifference to the rights of persons with whom its police officers come into contact.

99. Defendant The City of New York knew, or should have known, that as a direct result of this policy, practice and/or custom, the Constitutional rights of plaintiff Aprile Minto would be violated.

100. Defendant The City of New York implemented, enforced, encouraged, sanctioned and failed to rectify such policy, practice and/or custom with deliberate indifference to and disregard for the civil rights of individuals, and more particularly, the civil rights of plaintiff Aprile Minto.

101. Defendant The City of New York was acting under color of state law when it formulated and implemented a policy, custom or practice of failing adequately to investigate complaints against police officers for violating civil rights and to take appropriate remedial action.

102. Defendant The City of New York deprived plaintiff Aprile Minto of her rights to be free of unlawful searches and seizures and not bo be deprived of her liberty without due process of law guaranteed by the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by adopting and enforcing a policy, practice or custom of failing adequately to investigate complaints against police officers and to take appropriate remedial action to prevent further violations of the civil rights of members of the public.

## COUNT EIGHT
## COMMON LAW ASSAULT AND BATTERY

103. Plaintiff incorporates by reference paragraphs 1 through 102 of this Complaint as though the same were set forth fully herein.

104. Defendants Angel Andujar and The City of New York committed an assault and battery on the person of plaintiff Aprile Minto by subjecting her to a frisk search in apartment 31 at 1112 Gerard Avenue, Bronx, New York.

105. As a result of the foregoing, plaintiff Aprile Minto experienced physical discomfort, emotional distress, and anxiety.

## COUNT NINE
## COMMON LAW ASSAULT AND BATTERY

106. Plaintiff incorporates by reference paragraphs 1 through 105 of this Complaint as though the same were set forth fully herein.

107. Defendants Angel Andujar and the City of New York committed an assault and battery on the person of plaintiff Aprile Minto by handcuffing her wrists.

108. As a result of the foregoing, plaintiff Aprile Minto experienced pain, physical and emotional distress, hardship and anxiety.

## COUNT TEN
## COMMON LAW FALSE IMPRISONMENT

109. Plaintiff incorporates by reference paragraphs 1 through 108 of this Complaint as though the same were set forth fully herein.

110. Defendants Angel Andujar, "John Doe" #1-4, and The City of New York falsely imprisoned plaintiff Aprile Minto by seizing, detaining, arresting and imprisoning her on a false charge.

111. As a result of the foregoing, plaintiff Aprile Minto was deprived of her liberty, was imprisoned, and was subjected to mental and physical distress, embarrassment and humiliation.

## COUNT ELEVEN
## COMMON LAW ASSAULT AND BATTERY

112. Plaintiff incorporates by reference paragraphs 1 through 111 of this Complaint as though the same were set forth fully herein.

113. Defendants "Jane Doe" and The City of New York committed an assault and battery on the person of plaintiff Aprile Minto by subjecting her to a frisk search at the 44th Precinct.

114. As a result of the foregoing, plaintiff Aprile Minto experienced physical discomfort, emotional distress, and anxiety.

## COUNT TWELVE
## COMMON LAW MALICIOUS PROSECUTION

115. Plaintiffs incorporate by reference paragraphs 1 through 114 of this Complaint as though the same were set forth fully herein.

116. Defendants Angel Andujar and The City of New York maliciously prosecuted plaintiff Aprile Minto on a false charge of Trespass.

117. As a result of the criminal proceeding instituted by defendants Angel Andujar and The City of New York, plaintiff Aprile Minto was subjected to mental and physical distress, was exposed to public ridicule, scorn, humiliation and embarrassment, and incurred legal fees to defend the false charge.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully requests that this Court grant the following relief:

A. Award plaintiff Aprile Minto compensatory damages to be determined by the jury at the time of trial;

B. Award plaintiff Aprile Minto  punitive damages to be determined by the jury at the time of trial;

C. Award the plaintiff reasonable attorneys' fees and costs, including the fees and costs of experts, incurred in prosecuting this action; and

D. Grant such further relief as the Court deems necessary and proper.

## JURY TRIAL DEMANDED

The plaintiff requests a jury trial on all questions of fact raised by his Complaint.

Dated: New York, New York
      February 5, 2013

                              MICHELSTEIN & ASSOCIATES, PLLC

                              By:_____
                                 STEVEN MICHELSTEIN (SM3323)
                                 Attorneys for Plaintiff
                                 485 Madison Avenue
                                 New York, New York 10022
                                 (212) 588-0880